**In the Matter of LEXINGTON APPLI-ANCE COMPANY, Inc., Bankrupt.**

**No. 10988.**

United States District Court
D. Maryland.
July 7, 1960.

236

Louis J. Sagner, Baltimore, Md., for Trustee in Bankruptcy.

S. Vannort Chapman, Baltimore, Md., for Motorola-Baltimore, Inc.

THOMSEN, Chief Judge.

This petition to review a decision of the Referee in Bankruptcy requires a consideration of the filing provisions of the Uniform Trust Receipts Act, Anno. Code of Md., 1957 ed., Art. 95½, sec. 1 et seq., especially sec. 13. The particular question is whether the security interest of Motorola-Baltimore, Inc. (Motorola) in certain phonograph and television sets, delivered under trust receipts to the bankrupt within one year after the date of the filing of a statement of trust receipt financing, became invalid as to the trustee in bankruptcy by reason of the failure of Motorola to file a like statement before the expiration of one year from the date of the original filing.

The Referee made the following findings of fact, which are not disputed by the parties:

"(1) On or about November 14, 1957 Motorola * * * entered into an agreement with the bankrupt whereby Motorola undertook to deliver merchandise to the bankrupt upon the execution of trust receipts by the bankrupt.

"(2) On or about November 25, 1957 Motorola filed a statement of trust receipt financing with the State Tax Commission of Maryland in accordance with [sec. 13 of the Act].

"(3) Thereafter on December 10, 1957 and December 18, 1957 Motorola delivered phonographs and television sets to the bankrupt upon execution of promissory notes and trust receipts by which the bankrupt acknowledged that a security interest in the property remained in Motorola until the payment of the release amount provided therein.

"(4) No payment was tendered by the bankrupt or received by Motorola in accordance with the terms of said trust receipts for nine (9) of the articles listed thereon."

(5—Summarized). Those nine articles came into the possession of the Receiver herein and were sold by the Receiver for $838.50, with the consent of Motorola and with the understanding that its interest, if any, would be transferred to the net proceeds of sale.

"(6) The involuntary petition commencing these proceedings was filed on January 16, 1959, more than one year after the filing by Motorola of the statement of trust receipt financing with the State Tax Commission of Maryland.

"(7) Motorola did not file a like statement or affidavit of trust receipt financing before or after the expiration of one year from the date of the original filing."

The Referee made the following Conclusions of Law:

"(1) Motorola-Baltimore, Inc. has a security interest under the written terms of the trust receipts in the phonographs and television sets here involved which is valid against the Trustee.

"(2) Motorola-Baltimore, Inc. is entitled to receive the net proceeds of the sale of the six phonographs and three television sets described herein."

The Referee ordered the Trustee in Bankruptcy to pay to Motorola the sum of $800 in full satisfaction of its claim under the trust receipts.

Art. 95½, sec. 13(4) and (5) provide:

"(4) *What documents covered.*—Presentation for filing of the statement described in subsection (1), and payment of the filing fee, shall constitute filing under this article, in favor of the entruster, as to any documents or goods falling within the description in the statement which are within one year from the date of such filing, or have been, within thirty days previous to such filing, the subject matter of a trust receipt transaction between the entruster and the trustee.

"(5) *Further statement or affidavit.*—At any time before expiration of the validity of the filing, as specified in subsection (4), a like statement, or an affidavit by the entruster alone, setting out the information required by subsection (1), may be filed in like manner as the original filing. Any filing of such further statement or affidavit shall be valid in like manner and for like period as an original filing, and shall also continue the rank of the entruster's existing security interest as against all junior interests * * *".

Two questions are presented: (1) Whether a second filing is necessary to continue for an additional year the entruster's security interest under trust receipt transactions entered into during the year covered by the original statement, as well as to cover trust receipt transactions to be entered into during the additional year. (2) Whether the interest of a trustee in bankruptcy is a "junior interest" within the meaning of sec. 13(5).

(1) There is no decision directly in point on the first question. The language of sec. 13(4) and (5) seems to require a refiling to keep green the entruster's existing security interest; otherwise the last half of the last sentence quoted above from sec. 13(5) would be meaningless. The commentators have either stated that a refiling is necessary to preserve the entruster's interest, or seem to have taken it for granted; e. g. "This second filing has the effect of extending the effective period of the first statement so as to cover trust receipt transactions made within an additional year and also has the effect of continuing for an additional year the entruster's protection as to property covered by the earlier statement." Weinberg and Borowitz, The Ohio Uniform Trust Receipts Act, 19 Ohio State L.J. (1958), 680, 709. See also Denonn, Secured Transactions, p. 95, in General Practice Series of Practicing Law Institute; Arnold, The 1950 Amendment to the Preference Section of the Bankruptcy Act and Maryland Law, XIV Md. Law Rev. 311, 330, 331; Uniform Laws Annotated, Uniform Commercial Code, 1958 Official Text, comment to sec. 9–403, p. 689; Djorup, Analysis of the Uniform Trust Receipts Act, p. 26.

█ This construction is consistent with the general purposes of the Act.[1] The Act was not designed to cover consignments, but primarily to cover situations where pledged collateral would be in the possession of the debtor for relatively short periods. Uniform Laws Annotated, vol. 9C, pp. 220 et seq.; Weinberg and Borowitz, op. cit. at p. 680, 681. The filing requirements are very simple, and the refiling would impose a negligible burden on the entruster. If the entruster wishes to have the benefit of the Act with respect to transactions entered into during a second year, he must file a second statement. If he wishes to have the bene-

1. For a general statement of the operation and effect of the Act see Arnold, The 1950 Amendment to the Preference Section of the Bankruptcy Act and Maryland Law, XIV Md.Law Rev. 311, 330; In re Yost, D.C.D.Md., 107 F.Supp. 432; In re Nickulas, D.C.D. Md., 117 F.Supp. 590; Stiller, Inventory and Accounts Receivable Financing: The Maryland Maze, XVIII Md.Law Rev. 185, 208.

fit of the Act extend into a second, third or fourth year with respect to transactions made during the first year, it is only fair that he should give notice to people doing business with the trustee that some such transactions remain unfulfilled, especially if he has ceased doing such business with the trustee.

 I conclude that the second filing is necessary to continue for an additional year the entruster's protection as to transactions covered by the earlier statement.

(2) Motorola's second point is that the interest of a trustee in bankruptcy is not a "junior interest" within the meaning of sec. 13(5), and that a refiling is necessary only to protect the entruster against junior security interests, such as the interests of mortgagees, pledgees, entrusters and others who advance a new consideration. Once again, there is no authority directly in point. The terms "security interest" and "lien creditor" are defined in sec. 1 of the Uniform Trust Receipts Act, but the terms "interest" and "junior interest" are not defined.

Under sec. 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, " * * * as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, [the trustee in bankruptcy] shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists." See also sec. 8 (2) of the Uniform Trust Receipts Act.

The term "interest" is "the most general term that can be employed to denote a property in lands and chattels". Black's Law Dictionary. Liens are property rights. Black, op. cit. Although not a "security creditor", as that term is defined in sec. 1 of the Uniform Trust Receipts Act, the trustee in bankruptcy, as a lien creditor without notice, has an "interest" in the property. Under sec. 8(2), during the year covered by a timely filing, the interest of the trustee in bankruptcy is inferior, i. e. "junior", to that of the entruster.

I conclude that under sec. 13(5) the entruster's security interest will become invalid as against all junior interests, including the interest of a lien creditor or a trustee in bankruptcy, if it is not kept alive by filing a "further statement" before the end of one year after the filing of the original statement.

In the instant case, the statement was filed in November, 1957, the nine articles involved were delivered in December, 1957, no further statement was ever filed by Motorola, and the petition in bankruptcy was filed on January 16, 1959, more than thirteen months after the original filing. Motorola is, therefore, not entitled to receive the net proceeds of the sale of the six phonographs and the three television sets sold by the Receiver. The decision of the Referee must, therefore, be reversed.